THIS OPINION IS A PRECEDENT OF THE TTAB
Mailed:
June 9, 2010
Bucher

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re T.S. Designs, Inc.
_____

Serial No. 77251039
_____

Edward W. Rilee of MacCord Mason PLLC for T.S. Designs, Inc.

Benjamin U. Okeke, Trademark Examining Attorney, Law Office 112 (Angela B. Wilson, Managing Attorney).
_____

Before Bucher, Kuhlke and Walsh, Administrative Trademark Judges.

Opinion by Bucher, Administrative Trademark Judge:

T.S. Designs, Inc. seeks registration on the Principal Register of the designation **Clothing Facts** *(in standard character format)* for goods identified as "long-sleeved shirts; polo shirts; short-sleeved shirts; [and] t-shirts" in International Class 25.[1]

_____
[1] Application Serial No. 77251039 was filed on August 9, 2007 based upon applicant's claims of first use anywhere and first use in commerce at least as early as December 8, 2003.

The Trademark Examining Attorney refused registration on the ground that the term as it appears on the specimens of record functions as informational matter and is not a source-identifying trademark, under Sections 1, 2 and 45 of the Trademark Act, 15 U.S.C. §§ 1051-1052, 1127.

After the Trademark Examining Attorney made the refusal final, applicant appealed to this Board.

We affirm the refusal to register.

The record shows applicant promotes that it has sustainable business practices characterized by social justice, environmental stewardship and economic prosperity.  http://www.tsdesigns.com/.  Consistent with its marketing to "Green" consumers, applicant's usage of the **Clothing Facts** designation highlights the environmentally-friendly nature of its apparel.  Applicant's original specimen (shown at right) was identified as a label.  The Trademark Examining Attorney agrees with applicant that applicant's "Clothing Facts" label is reminiscent of the "Nutrition Facts" label required for food products by the United States Food and Drug Administration (USFDA).

We note that applicant has not applied to register this entire "label," but only the designation **Clothing Facts**. While the display of the words in the context of this entire label is relevant to our inquiry regarding how the words are likely to be perceived, we cannot assume that prospective consumers would make an association between applicant's label and the FDA label device. Nor can we assume that any such association would, as a matter of course, result in recognition of the words "Clothing Facts" as a mark. In any case, the Trademark Examining Attorney argues that consumers will not perceive this designation as a source indicator but merely a clever device intended to inform prospective consumers about the environmental awareness and ecological consciousness involved in the manufacture of applicant's clothing.

In contrast, applicant argues that this mark will be readily recognized by customers as a "secondary source" or "sponsorship" for **Clothing Facts** printed apparel. We take this as a contention that the whimsical nature of the label as a whole will result in recognition by consumers of the words at the head of the label design.

The Trademark Examining Attorney disagrees and relies upon cases such as *In re Volvo Cars of N. Am., Inc.*,

46 USPQ2d 1455, 1460-61 (TTAB 1998) [the wording **DRIVE SAFELY** not registrable because it would be perceived only as an everyday, commonplace safety admonition and not as a trademark for "automobiles and structural parts therefor"]; and *In re Manco, Inc.*, 24 USPQ2d 1938, 1942 (TTAB 1992) [the wording **THINK GREEN** is not registrable because it would be perceived only as an informational slogan encouraging environmental awareness and not as a trademark for



weather stripping and paper products]. The Trademark Examining Attorney is correct in noting the importance of focusing on likely consumer perceptions. These reported decisions involve designations that were found to be perceived as serving a different purpose than identifying the source of goods. Hence, we must look closely at the manner in which applicant uses the wording **Clothing Facts**.

The original specimen (displayed most clearly above) was the reproduction of a label sewn onto the neckline of a T-shirt (top left in photo collage below), while substitute specimens display the same image printed directly onto the back and the front of a T-shirt:



We appreciate that this imagery involves a humorous play on the USFDA's ubiquitous nutrition labeling device and is designed to communicate applicant's commitment to social justice and environmental stewardship. However, in

this context, we agree with the Trademark Examining Attorney that prospective consumers will view the designation **Clothing Facts,** as used on the entire label device, as informational matter, not as a source identifier for the shirts.  The likelihood that consumers will so perceive these words on the label is enhanced because the label contains two clear source identifiers, namely "tsdesigns.com" and "printing t-shirts for good," the latter specifically bearing the informal "TM" designation, while the phrase **Clothing Facts** does not.

Although applicant attempts to rely on the theory of "secondary source," there is no factual parallel herein to reported decisions where ornamental material on the clothing inherently tells the purchasing public the source of the goods (e.g., as collateral products to known goods or services).  *Compare In re Olin Corporation*, 181 USPQ 182 (TTAB 1973); *In re Expo '74*, 189 USPQ 48 (TTAB 1975); and *In re Watkins Glen International, Inc.*, 227 USPQ 727 (TTAB 1985).  Similarly, there is no showing of acquired distinctiveness for this matter.  While the usage of the image of the entire label device on, *inter alia*, the goods, delivery trucks, and trade show exhibits, demonstrates applicant's efforts to acquire

distinctiveness for this imagery, nothing in the record shows promotion of the term **Clothing Facts** alone as a mark.

In addition, we find irrelevant applicant's arguments that it owns U.S. Patent Nos. 5,984,977, 6,168,635, 6,201,044 and 6,139,590 for products and manufacturing processes, or that applicant was the owner of trademark Registration No. 2250430 (prior to its cancellation under Section 8 of the Lanham Act) for a totally-separate mark, **REHANCE**, for items of clothing, including shirts.

*Decision*:  The refusal to register under Sections 1, 2 and 45 of the Trademark Act is hereby affirmed.